STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
GONZALO QUEZADA (Bar No. 338386)
    GQuezada@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO EDITH VILLEGAS, ELIZABETH ARELLANO, and JONATHAN ELIZARRARAZ, individually and acting on behalf of a class of similarly situated employees,<br><br>     Plaintiffs,<br><br>  vs.<br><br>SHAFFER ENTERPRISE LLC, a California Limited Liability Company, dba CHICK-FIL-A, ROBERT VERNON SHAFFER, an Individual, RONALD BARRIE, an Individual, and DOES 1 through 20, inclusive,<br><br>     Defendants. | Case No. 2:23-cv-00333<br><br>**CLASS ACTION AND FLSA COMPLAINT FOR:**<br><br>1. Federal Fair Labor Standards Act Overtime Violation (29 U.S.C. §§ 207 and 255(a))<br>2. Failure to Pay Minimum Wages;<br>3. Failure to Pay Overtime Wages;<br>4. Failure to Provide Rest Breaks or Pay Additional Wages in Lieu Thereof;<br>5. Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof;<br>6. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions<br>7. Failure to Pay All Wages Owed Upon Termination or Resignation<br>8. Wrongful Termination and/or Retaliation (Cal. Lab. Code §§ 98.6, 1102; 29 U.S.C. § 215(A)(3))<br>9. Wrongful Termination in Violation of Public Policy<br>10. Violation of Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1

Class Action Complaint – Demand for Jury Trial          *Case No.*

1.     Plaintiffs Socorro Edith Villegas, Elizabeth Arellano, and Jonathan Elizarraraz brings this action against Shaffer Enterprise LLC dba Chick-Fil-A, Robert Vernon Shaffer, Ronald Barrie, and DOES 1-20, inclusive, individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this complaint are based on knowledge of Plaintiffs, except those allegations made on information and belief, which are based on the investigation of their counsel.

## I.     NATURE OF THE ACTION

2.     This is a wage and hour class action to vindicate the rights afforded employees by federal and California labor laws.  This action is brought by Plaintiffs Socorro Edith Villegas, Elizabeth Arellano, and Jonathan Elizarraraz (collectively "Plaintiffs") in three capacities: (a) individually; (b) as FRCP Rule 23 representative of a class or various subclasses of non-exempt employees employed by, or formerly employed by, Defendants; and (c) as a Fair Labor Standards Act ("FLSA") collective action (29 U.S.C. § 216(b)).

3.     This action revolves around the systematic failure by Defendants to pay California non-exempt employees, including Plaintiffs and the Class, in conformance with federal and California laws. Defendants have employed Plaintiffs and the Class directly or as agents of one another.

4.     Defendants' violations revolve around the systematic failure by Defendants to pay all wages due, failure to pay its employees minimum, overtime and double time wages, failure to provide rest and meal periods, failure to comply with the record keeping, wage statement and payment deadline provisions of California law, and other derivative remedies.  Defendants have refused to pay the wages due and owed to Plaintiffs and Class members under the express provisions of the California Labor Code, which in turn has resulted in additional Labor Code violations entitling Plaintiffs and the Class to prompt payment of wages and penalties.  As a result of these violations, Defendants have violated the California labor laws and the California Unfair Competition Law, codified in Business and Professions Code §§ 17200 *et seq.*  Defendants are also liable under Labor Code § 558.1 for violating, or causing to be violated, any provision regulating minimum wages or

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

hours and days of work in any order of the Industrial Welfare Commission, as well as for violation Labor Code §§ 203, 226, 226.7, 1194, or 2802.

5.      Defendants have refused to pay the wages due and owed to Plaintiffs and Class members. As a result of these violations, Defendants have violated the Fair Labor Standards Act 29 U.S.C. § 216 and 216(b), as well as provisions of California labor laws, which in turn has resulted in additional violations entitling Plaintiffs and the Class to prompt payment of wages and penalties. Defendants committed the violations at issue and benefitted financially and/or professionally from these violations.

6.      Plaintiffs, for themselves and the Class, also seek injunctive relief requiring Defendants to comply with all applicable California labor laws and regulations in the future and preventing Defendants from engaging in and continuing to engage in unlawful and unfair business practices.   Plaintiffs also seek declaratory relief enumerating Defendants violations so that the Defendants and the general public will have clarity and guidance with regards to Defendants' future employment practices.

7.      Defendants' business practices are not isolated but impact a large number of workers who have worked for, currently work for, and will work for Defendants in California, and as such, resolution of this issue will have large benefits for workers and the public as a whole

## II.   **JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq* and Title VII.

9.      This action, and the causes of action hereunder, including state law claims, are subject to original jurisdiction in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the proposed class is a citizen of a state different than Defendants.

///

Class Action Complaint – Demand for Jury Trial                                      *Case No.*

10.     This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

11.     This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

12.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which at least one of the Defendants and Plaintiffs reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

## III.  PARTIES

### *Plaintiffs*

13.     Plaintiff Socorro Edith Villegas ("Villegas") is a resident of Oxnard, California. At all relevant times herein, Plaintiff Villegas is employed by Defendants, and, on information and belief, Defendants are an enterprise engaged in commerce, in and around Ventura County, California. Since on or about 2016 to the filing of this complaint, Plaintiff Villegas has employed by Defendants as a non-exempt employee at Defendants' "Chick-fil-A" restaurant establishment. Plaintiff Villegas is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and has lost money or property. As Defendants' non-exempt employee, Plaintiffs Villegas was regularly subjected to, or had personal knowledge of, the violations described in the Complaint.

14.     Plaintiff Elizabeth Arellano ("Arellano") is a resident of Oxnard, California. At all relevant times herein, Plaintiff Arellano was employed by Defendants, and on information and belief, Defendants are an enterprise engaged in commerce, in and around Ventura County, California. From approximately December 07, 2021 to September 22, 2022, Plaintiff Arellano was employed by Defendants as a non-exempt employee at Defendants' "Chick-fil-A" restaurant establishments. Plaintiff Arellano is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and has lost money or property. As Defendants' non-exempt employee, Plaintiff Arellano was regularly subjected to, or had personal knowledge of, the violations described in the Complaint.

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

15.     Plaintiff Jonathan Elizarraraz ("Elizarraraz") is a resident of Oxnard, California. At all relevant times herein, Plaintiff Elizarraraz is employed by Defendants and, on information and belief, Defendants are an enterprise engaged in commerce, in and around Ventura County, California. Since December 2018 to the filing of the complaint, Plaintiff Elizarraraz has been employed by Defendants as a non-exempt employee at Defendants' "Chick-fil-A" restaurant establishments.   Plaintiff Elizarraraz is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and has lost money or property. As Defendants' non-exempt employee, Plaintiff Elizarraraz was regularly subjected to, or had personal knowledge of, the violations described in the Complaint.

### ***Defendants***

16.     The following allegations are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

17.     On information and belief, Defendant Shaffer Enterprise LLC, is a California Corporation located at 1321 Eastman Ave Ventura, CA 93003. The California state agent for service of process is Robert Vernon Shaffer, located at 1321 Eastman Ave Ventura, CA 93003. At all relevant times, Defendant Shaffer Enterprise employed Plaintiffs and other class members as non-exempt employees in Chick-fil-A fast food restaurants in and around southern California.   At all times relevant, Defendant Shaffer Enterprise owned, controlled, operated, or created policies for and provided payroll and timekeeping services to a business or establishment that employed persons within the meaning of the applicable Industrial Welfare Commission ("IWC") Order, 8 Cal. Code of Regs. § 11050 and operated as a direct or joint employer of Plaintiffs in this case.  During all relevant times alleged herein, Defendant Shaffer Enterprise employed Plaintiffs as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.

18.     At all times relevant, Defendant Robert Vernon Shaffer ("Shaffer") was, on information and belief, the managing member for Defendant Shaffer Enterprise and was in charge of making major corporate decisions and managing the operations of the corporation during the

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

5

Class Action Complaint – Demand for Jury Trial                    *Case No.*

relevant time period. As such, he was on notice, whether actual or constructive, of all of the violations described above, and failed to prevent or address them. On information and belief, Defendant Shaffer is an owner, director, officer, or managing agent of Defendant Shaffer Enterprise who controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies. Defendant Shaffer is therefore liable as a person acting on behalf of Defendant Shaffer Enterprise under California Labor Code §§ 558, 558.1. Plaintiffs allege that Defendant Shaffer is liable under PAGA and Labor Code §§ 558, 1197.1, 2699(f) and 18 as a "person" who violated or caused to be violated the Labor Code and Wage Orders listed in this complaint, by exercising control over and involvement in the creation and/or implementation of the wage and hour practices and policies that are the subject matter of this complaint.

19.     At all times relevant, Defendant Ronald Barrie ("Barrie") was, on information and belief, in charge of making major corporate decisions and managing the operations of Defendant Shaffer Enterprise during the relevant time period. As such, he was on notice, whether actual or constructive, of all of the violations described above, and failed to prevent or address them. On information and belief, Defendant Barrie is an owner, director, officer, or managing agent of Defendant Shaffer Enterprise who controlled and caused the violations at issue here either by making illegal policies, implementing illegal policies, or failing to correct illegal policies. Defendant Barrie is therefore liable as a person acting on behalf of Defendant Shaffer Enterprise under California Labor Code §§ 558, 558.1. Plaintiffs allege that Defendant Barrie is liable under PAGA and Labor Code §§ 558, 1197.1, 2699(f) and 18 as a "person" who violated or caused to be violated the Labor Code and Wage Orders listed in this complaint, by exercising control over and involvement in the creation and/or implementation of the wage and hour practices and policies that are the subject matter of this complaint

20.     Plaintiffs are ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES 1 through 20, inclusive, and therefore sue Defendants under such fictitious names.  Plaintiffs will amend this complaint to allege the true names or capacities of these Defendants once they have been ascertained.  Plaintiffs is informed and believes, and based thereon alleges, that each Defendant is responsible in some manner for the occurrences herein

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

alleged, and that the damages herein alleged were actually and proximately caused by each Defendants' conduct.

21.     Plaintiffs is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants, including Does, were acting as the agent of every other Defendant, and all acts alleged to have been committed by any Defendant were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized or ratified each such act.  Plaintiffs is informed and believes, and based thereon alleges, that each Defendant, including Does, was the agent, employee, co-conspirator, business affiliate, subsidiary, parent entity, owner and/or joint ventures of each other Defendant; and, in causing the injuries herein alleged, each Defendant was acting at least in part within the course and scope of such agency, employment, conspiracy, joint employer ship, alter ego status, and/or joint venture, and with the permission and consent of each of the other Defendants.

## IV.  **FACTUAL BACKGROUND**

22.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that is a characteristic of the labor system utilized by Defendants, where unpaid and improperly paid labor, as alleged herein, is a common business practice.  Defendants' actions in this case demonstrate a systematic disregard for the rights afforded to Plaintiffs and the Class under California wage and hour law.  The following paragraphs detail specific violations of law giving rise to this action.

23.     For at least four years prior to the filing of this action and through to the present (liability period for the UCL cause of action), Defendants maintained and enforced against their non-exempt employees the following unlawful practices and policies, in violation of Federal and California wage and hour laws:

a.   failure to pay Class Members, including Plaintiffs, all overtime wages due pursuant to the Fair Labor Standards Act, California Labor Code and Industrial Welfare Commission Wage Orders. For example, workers would track time and be paid

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

7

Class Action Complaint – Demand for Jury Trial                    *Case No.*

compensated separately for overtime work at their regular rate of pay.

b. failing to pay Plaintiffs and the Class minimum wages for all hours worked "off the clock," including but not limited to employees continuing to work after clocking out at the end of each workday and/or working through meal periods for which they are required to clock out in violation of California state laws, wage orders, and public policy;

c. failing to properly pay Plaintiffs and the Class premium overtime wages for all hours worked in excess of eight (8) hours in one day, forty (40) hours in a workweek, and failing to properly pay Plaintiffs and the Class premium double time wages for all hours worked in excess of 12 hours in one day for "off the clock" work, including but not limited to employees working through meal periods for which they are required to clock out, and continuing to work after clocking out at the end of each workday, in violation of California laws, wage orders, and public policy;

d. failing to provide Plaintiffs and the Class rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided as required by California, including but not limited to unprovided rest periods, late rest periods, and non-net ten (10) minute rest periods because of time spent working during rest periods to manage heavy workload and understaffing, and being interrupted by supervisors during rest periods, when they are given, to assist customers within the applicable time limits as instructed by Defendants, in violation of California state laws, wage orders, and public policy;

e. failing to provide Plaintiffs and the Class meal periods of at least thirty (30) minutes per five (5) hours worked and/or failing to provide a second meal period of no fewer than 30 minutes for all workdays on which Plaintiffs and the Class worked more than ten (10) hours and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided as required by California, including but not limited to unprovided meal periods, late

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

meal periods, and non-net thirty (30) minute meal periods because of time spent working after clocking out for meal periods to manage heavy workload and understaffing, and being interrupted by supervisors during meal periods, when they are given, to assist customers within the applicable time limits as instructed by Defendants, in violation of California state laws, wage orders, and public policy;

f. failing to provide employees, including Plaintiffs, with accurate itemized wage statements, in violation of California law and public policy;

g. failing to maintain accurate timekeeping records, in violation of California law and public policy;

h. failing to pay employees, including Plaintiffs, statutory penalties pursuant to California Labor Code Sections 201, 202, 203, 226 and 256.

24. At all relevant times, Defendants failed to compensate for all "hours worked" within the meaning of the applicable IWC Wage Order and failed to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, uncompensated or undercompensated time spent on statutory rest breaks. By its conduct, Defendants makes clear that they are intentionally and maliciously subverting California minimum wage requirements and California overtime wage requirements, resulting in loss of property to Plaintiffs and the Class as a result of Defendants payroll policies.

25. Under the meal period policies, Defendants failed to provide employees: (a) at least one (1) meal period prior to the fifth hour failing to provide a second meal period of no fewer than 30 minutes for all workdays on which Plaintiffs and the Class worked more than ten (10) hours and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods because of time spent working after clocking out for meal periods to manage heavy workload and understaffing, and being interrupted by supervisors during meal periods, when they are given, to assist customers within the applicable time limits as instructed by

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Defendants, in violation of California state laws, wage orders, and public policy. Further, Defendants policy is to not pay the premium wages owed to workers for missed, incomplete and/or untimely meal periods.

26. Under the rest break policies, Defendants failed to provide employees: (a) at least two (2) rest breaks for shifts greater than six hours, (b) net ten-minute rest breaks, and (c) timely rest breaks because of time spent working through rest periods to manage heavy workload and understaffing, and being interrupted by supervisors during rest periods, when they are given, to assist customers within the applicable time limits as instructed by Defendants, in violation of California state laws, wage orders, and public policy. Further, Defendants failed to compensate any premium wages owed to workers for missed, incomplete, and/or untimely rest breaks. Finally, Defendants had a policy of discouraging and preventing employees from taking proper full rest breaks.

27. Under the time-keeping policies, Defendants failed to account and compensate Plaintiffs and other current or former employees time spent working off the clock. Plaintiffs and on information and belief, other current or former employees were not paid for their training/onboarding and were not paid for continuing to work after clocking out at the end of each workday and/or working through meal periods for which they are required to clock out. Plaintiffs and other current or former employees performed such off-the-clock work almost every day and were denied compensation for all hours worked, in violation Labor Code sections 1194, 1194.2, 1197, 1197.1.

28. Under the record-keeping policies, Defendants willfully provided inaccurate itemized wage statements because they did not account for "all hours worked" as Defendants failed to account and compensate for the off the clock time experienced by Plaintiffs and other current or former employees, lacked gross and net wages earned, total hours worked, all deductions, the inclusive dates of the period for which the employee is paid, the last four digits of the employee's social security number or an employee identification number other than a social security number, the name and address of the legal entity that secured the services of the employer, and/or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required under California law.

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

29.     Defendants willfully retaliated, discriminated, created a hostile work environment, and/or intimated Plaintiffs and similarly situated current and former employees for engaging in protected activity.

30.     In response to and because of Plaintiff Arellano's request for personnel file and wage records pursuant to Labor Code 226, complaints about unpaid wages, requests for full payment for all hours worked, demands that Defendants comply with state and federal law, and among other things, Defendants willfully retaliated, discriminated, created a hostile work environment, and/or harassed Plaintiff Arellano which included but was not limited to unnecessarily checking Plaintiff Arellano work, underpaying her, and manipulating her schedule so as to afford her reduced income in an effort to penalize Plaintiff Arellano for engaging in protected activity and Defendants belief that Plaintiff Arellano is a prospective complainant and/or witness of Defendants' discriminatory and retaliatory conduct towards similarly situated current and former employees.

31.     On September 23, 2022, Plaintiff Elizarraraz requested his employment records pursuant to California Labor Code 226. In response to and because of Plaintiff Elizarraraz's request for his employment records, complaints about unpaid wages, demands that Defendants comply with state and federal law, and among other things, Plaintiff Elizarraraz, which included but was not limited to unnecessarily checking Plaintiff Elizarraraz's work, arbitrarily enforcing Chick-fil-A's free meal policy against Plaintiff Elizarraraz's despite years of unenforcement, and restricting Plaintiff Elizarraraz's overtime hours so as to afford him a reduced income in an effort to penalize Plaintiff Elizarraraz for engaging in protected activity and Defendants belief that Plaintiff Elizarraraz is a prospective complainant and/or witness of Defendants' discriminatory and retaliatory conduct against Plaintiff Arellano and similarly situated current and former employees.

32.     On September 23, 2022, Plaintiff Villegas requested her employment records pursuant to California Labor Code 226. In response to and because of Plaintiff Villegas' request for her employment records, as well as for complaints about unpaid wages, demands that Defendants comply with state and federal law, and among other things, Defendants willfully retaliated, discriminated, created a hostile work environment, and/or intimated Plaintiff Villegas' which included but was not limited to unnecessarily checking Plaintiff Villegas work and disciplined for

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

11

Class Action Complaint – Demand for Jury Trial                    *Case No.*

meritless reasons in an effort to penalize Plaintiff Villegas for engaging in protected activity and Defendants belief that Plaintiff Villegas is a prospective complainant and/or witness of Defendants' discriminatory and retaliatory conduct against Plaintiff Arellano and similarly situated current and former employees.

33.     Defendants' retaliatory and discriminatory acts have also created a chilling effect among Defendants employees regarding identifying and complaining about federal and state wage and hour law violations. Putative class members are concerned that Defendants will retaliate, discriminate, harass, intimate, create a hostile work environment, and/or wrongfully terminate them if they complain about Defendants' violation of federal and state wage and hour laws. As a result, other putative class members are dissuaded from raising violations of wage and hour laws with federal and state agencies as a result of Defendants acts.

34.     On information and belief, Defendants were on actual and constructive notice of the improprieties alleged herein by Plaintiffs and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, were knowing, willful and deliberate.

35.     Defendants have made it difficult to account with precision for the wages unlawfully withheld from Defendants' non-exempt employees, including Plaintiffs, during all relevant times herein, because they did not implement and preserve a sufficient record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

36.     Defendants have failed to comply with California Labor Code §226(a) by itemizing in wage statements all wages properly earned and accurately reporting total hours worked by Plaintiffs and the Class. Plaintiffs and the Class are therefore entitled to statutory penalties not to exceed $4,000 pursuant to Labor Code § 226(e).

37.     Plaintiffs and the Class, pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.*, also seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned by Plaintiffs and the Class but retained by Defendants as a result of their failure to comply with the above laws. Plaintiffs also seek injunctive relief and restitution of all benefits Defendants have received from Defendants retaliation against

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

12

Class Action Complaint – Demand for Jury Trial                    *Case No.*

1   Plaintiffs and the Class.

2       38.     Plaintiffs and the Class are also entitled to attorneys' fees pursuant to California Code

3   of Civil Procedure § 1021.5, California Labor Code, as well as California statutory law.

4   **IV. CLASS ACTION ALLEGATIONS**

5       39.     Plaintiffs bring this action on behalf of themselves, and all others similarly situated

6   as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to

7   represent the following Class, composed of, and defined, as follows:

8               All non-exempt workers employed by Defendants in the State of
                California at any time between four years prior to the filing of the
9               original complaint in this action and the final disposition of this
10              action.

11      40.     Plaintiffs may amend the above class definitions as permitted or required by this

12  Court.  This action has been brought and may properly be maintained as a class action under the

13  provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community

14  of interest in the litigation and the proposed Class is easily ascertainable.

        41.     Plaintiffs also seek to represent the following opt-in FLSA Collective:
15
                All non-exempt persons who are or have been employed by
16              Defendants in the State of California within three (3) years of the
                filing of this Complaint through the date of final disposition of this
17              action.
                                        **A. Numerosity**
18
        42.     The potential members of the Class as defined are so numerous that joinder of all of
19
    them is impracticable. While the precise number of Class Members has not been determined at this
20
    time, Plaintiffs are informed and believes that the Class is comprised of more than 100 individuals.
21
        43.     On information and belief, Plaintiffs allege that Defendants' employment records will
22
    provide information as to the number and location of all Class Members.
23
    ///
24
    ///
25
    ///
26
    ///
27
    ///
28

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                                    *Case No.*

**B. Commonality**

44.     There are questions of law and fact that are common to the Class predominating over

any questions affecting only individual Class Members. These common questions of law and fact

include, without limitation:

    a. Whether Defendants failed and continues to fail to pay overtime compensation in

     violation of the FLSA, 29 U.S.C § 201, *et seq*.;

    b. Whether Defendants retaliated, discriminated, created a hostile work environment,

     harassed, and/or wrongfully terminated employees for engaging in protected

     activity in violation of of California Labor Code §§ 98.6, 1102, FLSA, 29 U.S.C.

     § 215, *et seq.* and California public policy.

    c. Whether Defendants violated the California Labor Code, IWC Wage Orders,

     and public policy by failing to compensate Plaintiffs and the other Class

     Members at minimum wages for all hours worked;

    d. Whether Defendants violated the California Labor Code, IWC Wage Orders,

     or public policy by failing to provide Plaintiffs and other Class Members daily

     uninterrupted and off-duty rest periods of at least net ten (10) minutes for

     every four (4) hours or major fraction thereof worked, and failing to

     compensate said employees one-hour additional wages in lieu of each rest

     period denied;

    e. Whether Defendants violated the California Labor Code, IWC Wage Orders,

     or public policy by failing to provide a meal period to Plaintiffs and other

     Class Members on days they worked in excess of five (5) hours, and/or a

     second meal period on days they worked in excess of ten (10) hours, by

     deducting for lunch periods that were not taken, and/or by providing shortened

     meal periods that were less than the required minimum net thirty (30) minutes

     required by California law, and failing to compensate said employees one hour

     additional wages in lieu of each meal period denied;

**MALLISON &**
**MARTINEZ**
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial         *Case No.*

f.  Whether Defendants violated the California Labor Code, IWC Wage Orders, or public policy by failing to pay all earned wages and/or premium wages due and owing at the time that any Class Member's employment with Defendants terminated;

g.  Whether Defendants violated the California Labor Code, wage orders, or public policy by failing to, among other things, maintain and provide accurate records of Plaintiffs' and the other Class Members' earned wages and work periods, accurately itemizing in wage statements all hours worked and wages earned, and maintaining records pertaining to Plaintiffs and the other Class Members;

h.  Whether Defendants violated the California Labor Code, IWC Wage Orders, or public policy by willfully refusing to pay all wages due;

i.  Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this Complaint;

j.  Whether Defendants committed unfair or unlawful business practices in violation of the California Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*; and

k.  Whether Plaintiffs and other Class Members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to the California Labor Code, Business & Professions Code §§ 17200 *et seq.*, and IWC Wage Orders.

45.  There are no individualized factual or legal issues for the court to resolve other than the application of a formula to calculate each Class Members' damages.

///

///

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

## C. **Typicality**

46.     The claims of the named Plaintiffs are typical of the claims of the Class.  Plaintiffs and all members of the Class sustained injuries and damages arise out of, and were caused by, Defendants' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

## D. **Adequacy of Representation**

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiffs are competent and experienced in litigating large employment class actions.

## E. **Superiority of Class Action**

48.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein complained of and denying Class Members rest and meal periods without legal compensation.

49.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  It is unlikely that individual class members have any interest in individually controlling separate actions in this case.  Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

50.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

# V. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION
FEDERAL FAIR LABOR STANDARDS ACT OVERTIME VIOLATION
(29 U.S.C. §§ 207 and 255(a))
*Failure to Pay Overtime Wages*
(PLAINTIFFS AGAINST ALL DEFENDANTS)

51.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

52.     At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

53.     Defendants engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

54.     Defendants routinely required and/or suffered or permitted Plaintiffs and similarly situated workers to work more than 40 hours per week, and routinely without paying them all overtime premium wages owed for hours worked in excess of 40 hours per week.

55.     On information and belief, Defendant Robert Vernon Shaffer exercised significant control over the operations of Defendant Shaffer Enterprises. On information and belief, Defendant Shaffer had the authority to hire and fire employees, and had authority over the finances of the company, such as to render them personally liable for violations of the FLSA.

56.     In failing to pay Plaintiffs and similarly situated workers, overtime wages at one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, Defendants willfully violated the FLSA.

57.     As a direct and proximate result of Defendants failure to pay proper wages under the FLSA, Plaintiffs and similarly situated workers incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

58.     Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and similarly situated workers their proper wages, and thus Defendants are liable to Plaintiffs and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA. Plaintiffs, including

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

Opt-In Consenters and similarly situated workers, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA. As a result, Defendants are liable for all legally available remedies including those aforementioned in this complaint.

59.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
(CAL. LAB. CODE §§ 226, 226.6, 1194, 1194.2, 1197 & APPLICABLE WAGE ORDER)
(PLAINTIFFS AGAINST DEFENDANTS)

60.     Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

61.     California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

62.     The applicable minimum wage fixed by the commission for restaurant workers (Wage Orders 5) was set at eight dollars ($8.00) per hour for all hours worked effective January 1, 2008, but was raised to nine dollars $9.00 per hour starting July 1, 2014. The minimum wage was again raised on January 1, 2016 to ten dollars ($10.00) per hour.

63.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

64.     Defendants failed to pay Plaintiffs and other employees the minimum wage "for all hours worked." For example, Plaintiffs and other employees were forced to work "off-the-clock" time without compensation. In particular, Plaintiffs and other current or former employees were not paid for their training/onboarding, were not paid for continuing to work after clocking out at the end of each workday, and/or working through meal periods for which they are required to clock out. Plaintiffs and other current or former employees performed such off-the-clock work almost every day and were denied compensation for the off the clock work at minimum wage, in violation Labor Code sections 1194, 1194.2, 1197, 1197.1.

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

65.     As a result of Defendants' policy or practices described above, Plaintiff and other current or former employees were required to perform off the clock work that Defendants either knew or should have known they were performing

66.     As a result of Defendants' violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, Defendants violated California Labor Code § 226(a), inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

67.     Defendants have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiffs and the Class for all hours worked, and intending to annoy harass, oppress, hinder delay or defraud Plaintiffs, in violation of California Labor Code § 226.6.

68.     California Labor Code § 226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

69.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

70.     As such, Plaintiffs and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

///

///

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

71.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.  California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

72.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Order 5.  Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

73.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Shaffer and Defendant Barrie are liable for the violations herein alleged.

74.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
(CAL. LAB. CODE §§ 510, 1194, 1194.2 & WAGE ORDER 5)
(PLAINTIFFS AGAINST DEFENDANTS)

75.     Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

76.     California Labor Code § 510(a) states:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

The identical provision is found in the applicable IWC Wage Order 5-2001, which is authorized under California Labor Code § 1185.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

77.     IWC Wage Order 5-2001, authorized under California Labor Code § 1185, establishes for restaurant workers the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one workday, forty (40) hours in one work week, and for up to eight (8) hours on the seventh (7th) workday in one work week is to be compensated at one and one-half (1½) times the employees' regular rate of pay. IWC Wage Order 5-2001 also provides that work in excess of twelve (12) hours in one workday or in excess of eight (8) hours on the seventh (7th) workday in one work week is to be compensated at two (2) times the employees' regular rate of pay.

78.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

79.     As described herein, Defendants violated Labor Code § 510 and Wage Order 5, by employing Plaintiffs and the Class in excess of the limits provided above without time and one half or double time pay of employees' regular rates of pay.  In particular, Plaintiffs and the Class worked overtime and/or double-time without compensation or without overtime and/or double-time compensation while working prior to clocking in at the beginning of each workday, while working through rest and meal periods for which they are required to clock out, and while continuing to work after clocking out at the end of each workday. Plaintiffs and other current or former employees performed such off-the-clock work almost every day and were denied overtime premium wage for the off the clock work when employees worked 8 hours in day or 40 in a week, in violation Labor Code sections 510, 1194, 1194.2.

80.     As a result of Defendants' policy or practices described above, Plaintiff and other current or former employees were required to perform off the clock work that Defendants either knew or should have known they were performing

81.     Plaintiffs and the Class may enforce these provisions pursuant to Labor Code § 1194(a), as well as Business and Professions Code §§ 17200 *et seq.*

///

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

82. California Labor Code § 1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

83. As a result, Plaintiffs and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit. Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Shaffer and Defendant Barrie are liable for the violations herein alleged.

84. Wherefore, Plaintiffs and the Class request relief as described herein and below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST BREAKS**
**OR COMPENSATION IN LIEU THEREOF**
(CAL. LAB. CODE § 226.7 & WAGE ORDER 5)
(PLAINTIFFS AGAINST DEFENDANTS)

85. Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

86. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

87. IWC Wage Order 5-2001 § 12 states:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

A similar provision is contained in Labor Code § 512.

88.     Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater than 10 hours. For normal shifts the first rest break must occur before the meal break and the second rest break after the meal break, unless other factors render such schedule impracticable.

89.     Defendants did not provide, permit or authorize employees, including Plaintiffs, to take proper rest breaks in accordance with law. Defendants maintain a practice of forcing employees, including Plaintiffs, to take late rest breaks, work during rest breaks in order to manage heavy workload and understaffing, as well as interrupting such employees during rest breaks, when they are given, in order to assist customers. As such, Defendants violated California law by failing to provide rest breaks mandated by Labor Code § 226.7 and Wage Orders 5 and others, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that a required rest break was not provided. The one hour of additional wages has been held to be "wages" pursuant to California law.

90.     By failing to keep adequate time records required by Labor Code §§ 226 and 1174(d), Defendants have injured Plaintiffs and the Class and made it difficult to calculate the unpaid rest break compensation due Plaintiffs and the Class.

91.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, Wage Order 5, and others.

92.     Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

1   the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§

2   203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

3   Therefore, Defendant Shaffer and Defendant Barrie are liable for the violations herein alleged.

4        93.     Wherefore, Plaintiffs and the Class request relief as described herein and below.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**OR COMPENSATION IN LIEU THEREOF**
(CAL. LAB. CODE §§ 226.7, 512 F& WAGE ORDER 5)

(PLAINTIFFS AGAINST DEFENDANTS)

94.     Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

95.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

96.     IWC Wage Order 5-2001 § 11 states:

(A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

A similar provision is contained in Labor Code § 512.

97.     Employees are entitled to at least one meal period for shifts between 5 and 10 hours, and two meal periods for shifts greater than 10 hours. For normal shifts the first meal period must

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

24
Class Action Complaint – Demand for Jury Trial          *Case No.*

occur before the fifth (5th) hour, and the second meal period before the tenth (10th) hour, unless other factors render such schedule impracticable.

98.    Defendants did not provide, permit or authorize employees, including Plaintiffs, to take proper meal periods in accordance with law.  Defendants maintain a practice of forcing employees, including Plaintiffs, to take late meal periods, work during meal periods in order to manage heavy workload and understaffing, as well as interrupting such employees during meal periods, when they are given, in order to assist customers.  As such, Defendants violated California law by failing to provide meal periods mandated by Labor Code § 226.7 and Wage Orders 5 and others, and by failing to provide one hour pay at the employees' regular rate of compensation for each workday that a required meal period was not provided.  The one hour of additional wages has been held to be "wages" pursuant to California law.

99.    Plaintiffs and, on information and belief, the Class did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiffs and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

100.    By failing to keep adequate time records required by Labor Code §§ 226 and 1174(d), Defendants have injured Plaintiffs and the Class and made it difficult to calculate the unpaid meal period compensation due Plaintiffs and the Class.

101.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, Wage Order 5, and others.

102.    Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Shaffer and Defendant Barrie are liable for the violations herein alleged.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

103. Wherefore, Plaintiffs and the Class request relief as described herein and below.

**SIXTH CAUSE OF ACTION**
**KNOWING AND INTENTIONAL FAILURE TO COMPLY**
**WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**
(CAL. LAB. CODE §§ 226(B), 1174, 1175)
(PLAINTIFFS AGAINST ALL DEFENDANTS)

104. Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

105. California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

 i)    gross wages earned,

 ii)   total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

 iii)  the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

 iv)   all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

 v)    net wages earned,

 vi)   the inclusive dates of the period for which the employee is paid,

 vii)  the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

 viii) the name and address of the legal entity that is the employer, and

 ix)   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

106. Defendants failed to provide "accurate itemized statements" to Plaintiffs and other current or former because wage statements did not account for "all hours worked" as Defendants

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

failed to account and compensate for the off the clock time experienced by Plaintiffs, lacked gross and net wages earned, total hours worked, all deductions, the inclusive dates of the period for which the employee is paid, the last four digits of the employee's social security number or an employee identification number other than a social security number, the name and address of the legal entity that secured the services of the employer, and/or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee as required under California law

107.    California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

108.    Section 1174 of the California Labor Code, and Section 7 of Wage Order 5, require that Defendants maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  The Wage Orders also require that the employer keep accurate information showing when each employee begins and ends each work period, meal periods, and total daily hours worked." Defendants have created a uniform practice of knowingly and intentionally failing to comply with California Labor Code § 1174.  Defendants' failure to comply with Labor Code § 1174 is unlawful pursuant to California Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

///

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

109.    By failing to keep adequate time records required by §§ 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiffs and the Class and made it difficult to calculate the unpaid wages due, and Plaintiffs and the Class are entitled to up to $4,000.00 in penalties.

110.    Under California Labor Code § 558.1, any natural person who is an owner, director, officer, or managing agent of an employer, acting on behalf of the employer, who violates or causes to be violated any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, California Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. Therefore, Defendant Shaffer and Defendant Barrie are liable for the violations herein alleged.

111.    Wherefore, Plaintiffs and the Class request relief as described herein and below.

### SEVENTH CAUSE OF ACTION
**FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION**
(CAL. LAB. CODE §§ 201, 202, 203)
(PLAINTIFF ARELLANO AGAINST DEFENDANT SHAFFER ENTERPRISE, LLC)

112.    Plaintiff Arellano incorporates all preceding paragraphs as though fully set forth herein.

113.    California Labor Code § 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

114.    California Labor Code § 202 states:

(a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting…

115.    Defendants willfully failed to timely pay Plaintiff Arellano and the Class all of their wages due for work performed, and this failure continued through the time in which Plaintiff Arellano and the Class quit or were discharged from their employment with Defendants.  As a result, Defendants violated California Labor Code §§ 201 and 202.

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

116.   California Labor Code § 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

117.   Rights to penalties pursuant to California Labor Code § 203 vest thirty (30) working days (or approximately six (6) calendar weeks) after the obligation to pay final wages pursuant to California Labor Code §§ 201 and 202. The statute of limitations for an action for the wages at issue is four (4) years pursuant to California Business and Professions Code § 17208 and California case law provides a three (3) year statute of limitations pursuant to the California Labor Code. This same statute of limitation applies by reference to California Labor Code § 256. As noted above, Defendants violated California Labor Code §§ 201 and 202 by failing to pay non-exempt employees who quit, were involuntarily terminated, released after a specific job assignment or time duration, or were otherwise discharged all of the wages due pursuant to the timelines provided in those sections. Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

118.   Plaintiff Arellano and the Class are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for work done "off-the-clock," work at hourly rates below the minimum wage, overtime premium wages; additional wages for unprovided rest breaks and meal periods, but to date have not received such compensation.

119.   More than thirty (30) working days have passed since Plaintiff Arellano and Class have left Defendants' employ and, despite this, they have not received payment pursuant to California Labor Code § 203. As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff Arellano and the Class are entitled to thirty (30) working days' wages as a penalty under California Labor Code § 203 for failure to pay legal wages.

120.   Wherefore, Plaintiff Arellano and the Class request relief as described herein and below.

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    Case No.

## EIGTH CAUSE OF ACTION
## WRONGFUL TERMINATION AND/OR RETALIATION
(CAL. LAB. CODE §§ 98.6, 1102; 29 U.S.C. § 215(a)(3))
(PLAINTIFFS AGAINST ALL DEFENDANTS)

121.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

122.    At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

123.    Defendants engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

124.    Labor Code § 98.6(a) protects employees from wrongful termination and/or retaliation when complaining orally or in writing about unpaid wages, or for exercising (on behalf of oneself or other employees) any of the rights provided under the Labor Codes or Orders of the Industrial Welfare Commission, including, but not limited to, the right to demand payment of wages due, the right to express opinions, or the exercise of any other right protected by the Labor Code.

125.    California Labor Code § 98.6(b)(1) provides further that any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against for bringing an action for unpaid wages shall be entitled to reinstatement.

126.    Pursuant to Labor Code § 98.7(g) the enforcement of Labor Code § 98 does not require that an individual exhaust administrative remedies or procedures.

127.    Labor Code § 1102*, et seq.,* specifically prohibits retaliatory action by an employer against an employee for disclosing information to a government or law enforcement agency where the employee has a reasonable cause to believe that the information discloses a violation of state or federal law.

128.    Pursuant to 29 U.S.C § 215(a)(3) a employees discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or has served or is about to serve.

///

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                                  Case No.

129.     Plaintiffs bring this cause of action on behalf of themselves and all current or former employees who have been wrongfully terminated, retaliated, harassed and/or discriminated against for exercising their rights protected under federal and state law.

130.     Plaintiffs verbally complained to Defendants that they were not compensated properly under federal and state law for the hours they were required to work and that they should be paid in full for all hours worked but their requests were denied by Defendants.

131.     In response to and because of Plaintiff Arellano's request for personnel file and wage records pursuant to Labor Code 226, complaints about unpaid wages, requests for full payment for all hours worked, demands that Defendants comply with state and federal law, and among other things, Defendants willfully retaliated, discriminated, created a hostile work environment, and/or harassed Plaintiff Arellano which included but was not limited to unnecessarily checking Plaintiff Arellano work, underpaying her, and manipulating her schedule so as to afford her reduced income in an effort to penalize Plaintiff Arellano for engaging in protected activity and Defendants belief that Plaintiff Arellano is a prospective complainant and/or witness of Defendants' discriminatory and retaliatory conduct towards similarly situated current and former employees.

132.     On September 23, 2022, Plaintiff Elizarraraz requested his employment records pursuant to California Labor Code 226. In response to and because of Plaintiff Elizarraraz's request for his employment records, complaints about unpaid wages, demands that Defendants comply with state and federal law, and among other things, Defendants willfully retaliated, discriminated, created a hostile work environment, and/or intimated Plaintiff Elizarraraz, which included but was not limited to unnecessarily checking Plaintiff Elizarraraz's work, arbitrarily enforcing Chick-fil-A's free meal policy against Plaintiff Elizarraraz's despite years of unenforcement, and restricting Plaintiff Elizarraraz's overtime hours so as to afford him a reduced income in an effort to penalize Plaintiff Elizarraraz for engaging in protected activity and Defendants belief that Plaintiff Elizarraraz is a prospective complainant and/or witness of Defendants' discriminatory and retaliatory conduct against Plaintiff Arellano and similarly situated current and former employees.

///

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                          *Case No.*

133. On September 23, 2022, Plaintiff Villegas requested her employment records pursuant to California Labor Code 226. In response to and because of Plaintiff Villegas' request for her employment records, as well as for complaints about unpaid wages, demands that Defendants comply with state and federal law, and among other things, Defendants willfully retaliated, discriminated, created a hostile work environment, and/or intimated Plaintiff Villegas' which included but was not limited to unnecessarily checking Plaintiff Villegas work and disciplined for meritless reasons in an effort to penalize Plaintiff Villegas for engaging in protected activity and Defendants belief that Plaintiff Villegas is a prospective complainant and/or witness of Defendants' discriminatory and retaliatory conduct against Plaintiff Arellano and similarly situated current and former employees.

134. On information and belief, other current and former employees have or were retaliated, discriminated, and harassed, and/or wrongfully terminated for asserting their rights under federal and state law.

135. Putative class members are concerned that Defendants will retaliate, discriminate, harass, intimate, create a hostile work environment, and/or wrongfully terminate them if they complain about Defendants' violation of federal and state wage and hour laws. As a result, other putative class members are dissuaded from raising violations of wage and hour laws with federal and state agencies as a result of Defendants acts.

136. Defendants' retaliatory and discriminatory acts have also created a chilling effect among Defendants employees regarding identifying and complaining about federal and state wage and hour law violations.

137. Plaintiffs' conduct, and similarly situated current and former employees conduct, is the kind which the public policies identified are designed to protect.

138. Plaintiffs' and similarly situated employees were damaged by the retaliation and/or wrongful termination in violation of federal and state law pursuant to Cal Labor Code §§ 98.6, 1102 *et seq*, and 29 U.S.C. § 215(a)(3).

///

///

*Case No.*

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

139.    In doing the acts set forth above, Defendants knew that Plaintiffs had the right to assert their rights under the federal and state law to complain internally to Defendants about federal and state labor code violations, and/or report the wage and hour violations to federal and state agency in charge of investigating wage and hour violations. Defendants nonetheless acted toward Plaintiffs' and similarly situated individuals with conscious and intentional disregard of their rights by retaliating, discriminating, harassing, and/or wrongfully terminating for engaging in protected activity. Defendants' conduct as alleged herein is conduct a civilized person should not have to tolerate, and was undertaken with fraud, malice, and in oppression of Plaintiffs and similarly situated individuals. This conduct warrants the imposition of punitive damages.

140.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered actual damages according to proof and attorney's fees and costs.

## NINTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(PLAINTIFF ARELLANO AGAINST ALL DEFENDANTS)

141.    Plaintiff Arellano incorporates all preceding paragraphs as though fully set forth herein.

142.    The wage and hour laws contained in the California Labor Code and the federal Fair Labor Standards Act show a well-established public policy for paying wages for all hours worked. Labor Code § 98.6 establishes a public policy against discharging, discriminating, and/or retaliating against an employee for asserting his or her right to demand payment of wages due, the right to express opinions, and/or the exercise of any other rights protected by the Labor Code.

143.    Labor Code § 1102, *et seq.,* specifically prohibits retaliatory action by an employer against an employee for disclosing information to a government agency where the employee has a reasonable cause to believe that the information discloses a violation of state or federal law. Employees may also not be terminated for reporting alleged illegal activity to higher management.

144.    Defendants conduct, as alleged herein constitutes wrongful termination in violation of public policy against Plaintiff Arellano and similarly situated employees.

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

145.    As a direct result of the unlawful employment practices of Defendant, as alleged herein, Plaintiff Arellano and similarly situated employees have suffered lost wages, lost benefits, and emotional distress.

### TENTH CAUSE OF ACTION
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
(CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*)
(AGAINST DEFENDANT SHAFFER ENTERPRISE, LLC)

146.    Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

147.    On information and belief, by their practices and policies described above, Defendants engaged in unlawful activity prohibited by California Business and Professions Code §§ 17200 *et seq.* The actions of Defendants as alleged within this Complaint, constitute unlawful and unfair business practices, within the meaning of California Business and Professions Code §§ 17200 *et seq.* and Plaintiffs and the Class have suffered injury and have lost money or property as a result of Defendants failure to comply with well-established labor laws.

  a.  violation of California Labor Code § 201 by failing to pay all wages earned and unpaid at the time of certain Plaintiffs and the Class' discharge from employment by Defendants;

  b.  violation of California Labor Code § 202 by failing to pay all wages earned within 72 hours of the time of quitting of certain Plaintiffs and the Class from their employment by Defendants;

  c.  violation of California Labor Code § 206 by failing to pay without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by Defendants to be due;

  d.  violation of California Labor Code §§ 221-223 by requiring repayment of wages, withholding wages, or secretly paying a lower wage to Plaintiffs and the Class while purporting to pay the wage designated by statute or by contract;

  e.  violation of California Labor Code § 226 by failing to provide Plaintiffs and the Class with accurate wage statements;

  f.  violation of California Labor Code §§ 98.6, 1102 and public policy by willfully retaliating, discriminating, creating a hostile work environment, and/or harassing employees for engaging in protected activity.

  g.  violation of the record keeping requirements set forth in California Labor Code section 226, 1174, and Wage Order 5;

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

h.   committing a criminal misdemeanor in violation of California Labor Code § 226.6 by knowingly and intentionally violating the provisions of California Labor Code § 226;

i.   violation of California Labor Code §226.7 by violating the rest and meal period statutes and failing to pay Plaintiffs and the Class one hour additional of wages at the regular rate of compensation for each work day that the rest or meal period is not provided;

j.   violation of Wage Order 5 by failing to pay minimum and overtime wages for all "hours worked," and failing to comply with the rest and meal period requirements;

k.   violation of California Labor Code §§ 1182.11 and 1197 by failing to pay at least the minimum wage for all hours worked by Plaintiffs and the Class;

l.   violation of California Labor Code § 1194 by failing to pay overtime wages for all hours worked by Plaintiffs and the Class;

m.   violation of California Labor Code § 1194.2 by failing to pay liquidated damages for failure to pay minimum wages for all hours worked by Plaintiffs and the Class;

n.   violation of California Labor Code §§ 1288, 1297, 1303, 1391, 1391.1, 1391.2 by failing to comply with California's child labor laws for hours worked by Plaintiffs and the Class;

o.   violation of Wage Order 5 and Labor Code § 2802 by failing to reimburse Plaintiffs and the Class for necessary business expenses;

p.   violation of other state labor laws alleged in this action.

148.   Defendants' activities also constitute unfair practices in violation of California Business and Professions Code §§ 17200 *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs and the Class.

149.   As a result of Defendants' violations of the California Labor Code, Plaintiffs and the Class have suffered injury-in-fact and have lost money or property as a result of Defendants' practices.  This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the California Labor Code as detailed in this complaint and other resulting harms.  A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in Defendants' control.  Plaintiffs and the Class are entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

35

Class Action Complaint – Demand for Jury Trial                    *Case No.*

prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. By this class action, Plaintiffs and the Class are also seeking, in the alternative, restitutionary disgorgement of such monies into a fluid recovery fund.

150. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs and the Class. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the Class the wrongfully withheld wages pursuant to California Business and Professions Code § 17203. Defendants should also be enjoined from their unlawful acts with respect to the employment of minors without complying with California's child labor laws, including Labor Code §§ 1288, 1297, 1303, 1391, 1391.1, 1391.2, and 1392. Plaintiffs is informed and believes, and based thereon alleges, that Defendants are unjustly enriched through these unlawful practices through their failure to pay legal wages, and/or other remedies. Plaintiffs is informed and believes, and based thereon alleges, that Plaintiffs and the Class are prejudiced by Defendants' unfair trade practices.

151. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiffs and the Class as a result of the business acts and practices described herein, and enjoining Defendants to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to California Business and Professions Code § 17208, including any tolling. Plaintiffs also seek injunctive relief and restitution of all benefits Defendants have received from Defendants retaliation against Plaintiffs and similarly situated current and former employees.

152. The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity in the future. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue to violate California and federal labor laws. Plaintiffs further request that the Court issue a preliminary and permanent injunction.

///

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

153.    Wherefore, Plaintiffs and the Class request injunctive, declaratory, and restitutionary relief as described herein and below.

## V.    PRAYER

Wherefore, Plaintiffs prays for judgment as follows:

a.    That the Court determine that this action may be maintained as a class action with the named Plaintiffs appointed as Class Representatives.

b.    For the attorneys appearing on the above caption to be named Class Counsel.

c.    For compensatory damages in an amount according to proof, including minimum wages, double minimum wages, overtime wages, and premium rest and meal period premium wages, with interest thereon.

d.    For a declaratory judgment that each of the Defendants violated the rights of Plaintiffs and Class under the California Labor Code, and California Business and Professions Code, as set forth in the preceding paragraphs.

e.    That Defendants be ordered to make restitution to Plaintiffs and the Class due to their unfair competition, including restitutionary disgorgement of their wrongfully obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204.

f.    That Defendants be enjoined from continuing the unlawful course of conduct, alleged herein.

g.    That Defendants further be enjoined to cease and desist from unfair competition in violation of California Business and Professions Code § 17200 *et seq*.

h.    That Defendants further be enjoined from retaliating against Plaintiffs and the Class

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                    *Case No.*

i.  For restitution of all benefits Defendants have received from Defendants retaliation against Plaintiffs and the Class.

j.  That Defendants be enjoined from further acts of restraint of trade or unfair competition.

k.  For an award to Plaintiffs and the Class of statutory damages or, in the alternative, actual damages.

l.  For premium pay, premium wages, liquidated damages and statutory penalties pursuant to the California Labor Code.

m.  For attorneys' fees, interests, and costs of suit pursuant to California Labor Code §§ 226, 1194, 2802, and pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

n.  For all other relief provided by the California Labor Code and California Business and Professions Code.

o.  For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial of their claims and those of the Class by jury to the extent authorized by law.

Dated: January 17, 2023                     **MALLISON & MARTINEZ**

By:_____

Stan S. Mallison
Hector R. Martinez
Gonzalo Quezada
Attorneys for Plaintiffs

MALLISON &
MARTINEZ
Attorneys at Law
1939 Harrison St., Ste. 730
Oakland, California 94612
510.832.9999

Class Action Complaint – Demand for Jury Trial                     Case No.